# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : 3:16-CR- 00286 |
| | : |
| v. | : (Judge Robert Mariani) |
| | : |
| LEWIS DAVENPORT | : (Electronically Filed) |

## Sentencing Memorandum

**Background**

On October 4, 2016, the government filed a four count Indictment that charged Lewis Davenport with *inter alia*, Count 1, Conspiracy to Commit Theft, a violation of Title 18, United States Code, Section 371, and Count 4, Aggravated Identity Theft, a violation of Title 18, United States Code, Sections 1028A(a)(1) and (2). (Doc. 1). On November 21, 2016, before this Court and pursuant to a written plea agreement, Davenport entered a plea of "guilty" to Counts 1 and 4 of the Indictment. (Doc. 32). A presentence investigation was ordered. A Presentence Report (PSR) was initially disclosed on March 9, 2017. The revised PSR was disclosed on March 21, 2017. Sentencing in this matter is scheduled for June 23, 2017.

**Argument**

In *United States v. Lofink*, 564 F.3d 232 (3d Cir. 2009), the Third Circuit reaffirmed its well-established three-step sentencing procedure that it first set forth in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), *viz.*, 1) a calculation of the guidelines; 2) including a formal ruling on any departure motions, and; 3) consideration of the relevant § 3553(a) factors.

      1)     *Calculation of the Guidelines*

Davenport has no quarrel with the advisory guideline range calculated in the PSR. Based on a total offense level of 4, and a Criminal History Category of VI, the PSR states that the advisory guideline range in Count 1 is between 6 and 12 months. Count 4 has a statutorily imposed sentence of 24 months, to be served consecutively to the sentence imposed on Count 1. (PSR ¶ 70).

      2)     *Departure Considerations*

The government has not filed a 5K1.1 motion and there is no other departure requested.

      3)     *Consideration of the Relevant §3553(a) Factors*

At the third, and final, step in the Third Circuit's sequential sentencing procedure, this Honorable Court exercises its "discretion by considering the relevant §3553(a) factors in setting the sentence" it deems reasonable "regardless whether it varies from the sentence calculated under the Guidelines." *United*

*States v. Lofink*, 564 F.3d 232, 238 (3d Cir. 2009). *See also United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009) (*en banc*) ("…if the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."). The sentencing statute, 18 U.S.C. § 3553, states: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The considerations set forth in § 3553(a) are as follows.

> **The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The nature and circumstances of this offense have been set forth in the Presentence Report. (PSR ¶¶ 4-8). For a four month period in 2015, Davenport and an accomplice broke into cars at the Delaware Water Gap National recreation Area and stole items including credit cards. Davenport and his accomplice then used these credit cards to purchase goods at various stores in surrounding towns.

> **The Need for the Sentence Imposed-- (A) to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense; (B) to Afford Adequate Deterrence to Criminal Conduct; (C) to Protect the Public from Further Crimes of the Defendant; and (D) to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

Lewis Davenport will be 40 years old at the time of sentencing.  His record speaks for itself.  Davenport has been a thief for years.  There is no question that his substance abuse problem is a part of why Davenport broke into cars and stole items that were easy to turn into cash for a fix.  Drug addiction does not excuse Davenport's crimes, and he knows it.  Davenport acknowledges that unless he effectively manages this serious addiction, he will continue to be a menace and will receive increasingly severe sentences for his anti-social behavior.  Davenport will take advantage of any drug program available to him in the prison where he serves his time.  He applied to get into a drug treatment program in Ocean County, New Jersey, but will now face time in federal prison on this federal case before answering to similar charges in New Jersey.  (PSR ¶ 49).  He asks this Court to consider recommending that he be accepted into the BOP's RDAP drug treatment program.

**The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct**

In Mr. Davenport's case, a sentence at the bottom of the advisory guideline range would promote consistency in sentencing rather than an unwarranted disparity. Mr. Davenport immediately acknowledged his guilt and owned up to his thefts. He will face an additional sentence in state court for similar conduct committed during this same time frame.

**Sentencing Request**

In sum, Davenport will serve time in federal prison before answering to a 2015 New Jersey charge.  He is committed to finally controlling his drug addiction, and to changing his life course.  For all of the reasons in this memorandum, we ask the Court to consider a sentence of 6 months on Count 1, and a 24 months sentence on Count 2 to be served upon completion of the sentence on Count 1.  Such a sentence would be sufficient, but not greater than necessary to serve the purposes of sentencing.

WHEREFORE, the Defendant, Lewis Davenport, respectfully requests that this Honorable Court impose a sentence of 6 months on Count 1, followed by 24 months on Count 4.

                                          Respectfully submitted,

Date:  June 13, 2017         s/Ingrid S. Cronin
                                      **Ingrid S. Cronin**
                                      **Assistant Federal Public Defender**
                                      **Attorney ID# PA61289**

                                      201 Lackawanna Avenue, Suite 317
                                      Scranton, Pennsylvania  18503-1800
                                      (570) 343-6285
                                      Fax:  (570) 343-6225
                                      E-mail:  ingrid_cronin@fd.org
                                      Attorney for Lewis Davenport

# **CERTIFICATE OF SERVICE**

I, Ingrid S. Cronin, Assistant Federal Public Defender, do hereby certify that this document, the foregoing **Sentencing Memorandum**, filed under seal, will be sent to the following via email:

> Phillip Caraballo , Esquire
> Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Scranton, Pennsylvania, addressed to the following:

> Mr. Lewis Davenport

Date:  June 13, 2017             s/Ingrid S. Cronin
                                 **Ingrid S. Cronin**
                                 **Assistant Federal Public Defender**