AO 245 B      (Rev. 11/16) Judgement in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

**VS.**

LEWIS R. DAVENPORT

JUDGMENT IN A CRIMINAL CASE

CASE NUMBER: 3:CR-16-286-01
USM NUMBER: 75478-067

 INGRID S. CRONIN, ESQ. 
Defendant's Attorney

**THE DEFENDANT:**
[X] pleaded guilty to count one (1) and four (4).
[ ] pleaded nolo contendere to count(s)_____
    which was accepted by the court.
[ ] was found guilty on count(s)_____after a plea of not guilty.

### The defendant is adjudicated guilty of these offenses:

| Title/Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18:371 | Conspiracy to Commit Theft | Sept 2015 | Ct. 1. |
| 18:1028A(a)(1) and 2 | Aggravated Identity Theft, Aid and Abet | Sept 2015 | Ct. 4. |

    The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ] The defendant has been found not guilty on count(s)_____.
[X] Counts two (2) and three (3) are dismissed on the motion of the United States.

    IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days
of any change of name, residence or, mailing address until all fines, restitution, costs and special assessments imposed by
this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material
change in economic circumstances.

July 6, 2017
Date of Imposition of Sentence

ROBERT D. MARIANI
UNITED STATES DISTRICT JUDGE

7-6-17
Date

AO 245 B      (Rev.11/16) Judgment in a Criminal Case
                      Sheet 2 Imprisonment

Defendant: LEWIS R. DAVENPORT                                    Judgment-Page  2  of  6
Case Number: 3:CR-16-286-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term  of
<u>forty-eight (48) months. This term consists of terms of twenty-four (24) months on Count 1 and twenty-four (24) months on</u>
<u>Count 4, to run consecutively for an aggregate term of forty-eight-nine (48) months imprisonment.</u>

You can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary, or if there is some other
fundamental defect in the proceedings that was not waived by your guilty plea.  You also have a statutory right to appeal your sentence
under certain circumstances, particularly if you think the sentence is contrary to law.  With few exceptions, any notice of appeal must
be filed within 14 days after sentence is imposed on you.

If you are unable to pay the cost of an appeal, then you may apply for leave to appeal in forma pauperis.  If you so request, the
Clerk of Court will prepare and file a notice of appeal on your behalf."

[X] The court makes the following recommendations to the Bureau of Prisons: The Court recommends that the Bureau of Prisons
allow the defendant to participate in the 500 hour drug treatment program should he be deemed eligible.

[X] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.

   [ ] at_____a.m./p.m. on_____.
   [ ] as notified by the U.S. Marshal.
[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
   [ ] before 2 p.m. on _____.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the probation office.
   [ ] The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be notified of the place
     of confinement.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____to_____a

_____, with a certified copy of this judgment.


_____
United States Marshal

By_____
        Deputy Marshal

AO 245 B    (Rev.11/16) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Defendant: LEWIS R. DAVENPORT
Case Number: 3:CR-16-286-01

Judgment-Page  3  of  6

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of two (2) years. This term consists of two (2) years on Count 1 and one (1) year on Count 4, to run concurrently. Within seventy-two (72) hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

**THE COURT FINDS** that the defendant does not have the ability to pay a fine, but he shall make restitution of $1,174.89, payable to the Clerk, U.S. District Court, for disbursement to ESSA Bank & Trust ($614.78) and Bradford Hoke ($560.11).
**IT IS ORDERED** that no further payment shall be required after the sum of the amounts actually paid by this defendant and his co-conspirator Ashley A. Perez has fully covered all of the compensable harm.
**IT IS FURTHER ORDERED** that the defendant shall pay to the Clerk, U.S. District Court, a special assessment of $100, on each of Counts 1 and 4, for a total of $200, due immediately.
During the term of imprisonment, restitution is made payable every three months in an amount, after a telephone allowance, equal to 50 percent of the funds deposited into the defendant's inmate trust fund account.
In the event the restitution is not made in full prior to the commencement of supervised release, the defendant shall, as a condition of supervised release, satisfy the amount due in monthly installments of no less than $100, to commence thirty (30) days after release from confinement.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached pages.
1) The defendant shall undergo a mental health evaluation and, if recommended, the defendant shall satisfactorily complete a program of outpatient or inpatient mental health treatment;
2) The defendant shall undergo a substance abuse evaluation and, if recommended, the defendant shall satisfactorily complete a program of outpatient or inpatient substance abuse treatment;
3) The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment schedule for payment of restitution, fines, or special assessment;
4) The defendant shall provide the probation officer with access to any requested financial information; and
5) The defendant shall provide all monies received from income tax refunds, lottery winnings, judgments, and/or other anticipated or unexpected financial gains to the outstanding court ordered financial obligation.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    [ ] The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future Substance abuse. (check if applicable)
4. [x] You must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
5. [ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C.§ 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. (check if applicable)
6. [ ] You must participate in an approved program for domestic violence. (check if applicable)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245 B      (Rev.11/16) Judgment in a Criminal Case
              Sheet 3A -- Supervised Release

Defendant: LEWIS R. DAVENPORT                                    Judgment-Page  4  of  6
Case Number: 3:CR-16-286-01

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.
14. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____      Date _____

AO 245 B      (Rev.11/16) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Defendant: LEWIS R. DAVENPORT                                    Judgment-Page  5  of 6
Case Number: 3:CR-16-286-01

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | **$200.00** | **$** | **$** | **$1,174.89** |

[ ] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **ESSA BANK & TRUST** | **$614.78** | **$614.78** | |
| **BRADFORD HOKE** | **$560.11** | **$560.11** | |
| **TOTALS** | **$ 1,174.78** | **$ 1,174.89** | |

[ ] Restitution amount ordered pursuant to plea agreement $

[ ] The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    [ ] the interest requirement is waived for the [ ] fine [ ] restitution.
    [ ] the interest requirement for the G  fine G  restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed
on or after September 13, 1994, but before April 23, 1996.

AO 245 B     (Rev.11/16 Judgment in a Criminal Case
                    Sheet 6– Schedule of Payments

Defendant: LEWIS R. DAVENPORT                                                          Judgment–Page  6  of  6
Case Number: 3:CR-16-286-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [ ] Lump sum payment of $_____ due immediately, balance due

      [ ] not later than _____, or

      [ ] in accordance with [ ] C, [ ] D, [ ] E or [ ] F below); or

B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C [ ] Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $_____ over a period of
      _____ (e.g., months or years), to commence _____(e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $_____ over a period of
      _____(e.g., months or years), to commence _____(e.g., 30 or 60 days) after release from imprisonment to
      term of supervision; or

E [ ] Payment during the term of supervised release will commence within _____(e.g., 30 or 60 days) after release
      from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay.

F [X ]The defendant does not have the ability to pay a fine, but he shall make restitution of $1,174.89, payable to the Clerk, U.S.
District Court, for disbursement to ESSA Bank & Trust ($614.78) and Bradford Hoke ($560.11). No further payment shall be required
after the sum of the amounts actually paid by this defendant and his co-conspirator Ashley A. Perez has fully covered all of the
compensable harm. The defendant shall pay to the Clerk, U.S. District Court, a special assessment of $100, on each of Counts 1 and 4,
for a total of $200, due immediately. During the term of imprisonment, restitution is made payable every three months in
an amount, after a telephone allowance, equal to 50 percent of the funds deposited into the defendant's inmate trust fund account.
In the event the restitution is not made in full prior to the commencement of supervised release, the defendant shall, as a condition of
supervised release, satisfy the amount due in monthly installments of no less than $100, to commence thirty (30) days
after release from confinement.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of
criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made
through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[X] Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount and
    corresponding payee, if appropriate. Lewis R. Davenport, 3:CR-16-286-01 and Ashley A. Perez, 3:CR-16-286-02,
    restitution of $1,174.89, payable to the Clerk, U.S. District Court, for disbursement to ESSA Bank & Trust ($614.78) and Bradford
    Hoke ($560.11). no further payment shall be required after the sum of the amounts actually paid by this defendant and his co-
    conspirator Ashley A. Perez has fully covered all of the compensable harm.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):_____

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,(5) fine
interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.